Opinion issued March 18, 2004












In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01013-CR
NO. 01-02-01014-CR




LERON MICHAEL ALEXANDER, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 228th District Court
Harris County, Texas
Trial Court Cause Nos. 920162 and 920324




O P I N I O N

          Appellant, Leron Michael Alexander, was charged by separate indictments with
two felony offenses of aggravated robbery. Appellant pleaded not guilty to the
charges before a single jury. The jury convicted of appellant both charges, and the
trial court assessed punishment at 35 years’ confinement in prison. In his first issue,
appellant contends that the trial court erred by not granting a mistrial based on the
State’s failure to serve him with copies of the indictments, as required by statute. In
his second and third issues, appellant claims that his state and federal constitutional
rights to due process and notice of the charges against him were abrogated by the
State’s failure to serve him with copies of the indictments.
Background
          On August 13, 2002, appellant was indicted in cause numbers 920162 and
920324 with two felony offenses of aggravated robbery alleged to have occurred on
August 6, 2002. On September 3, 2002, the trial court called appellant’s two cases
for trial, and the State and the defense each announced “ready.” The trial court
conducted a pre-trial hearing concerning appellant’s decision to remain attired in his
county-jail issued jumpsuit for his trial. Appellant told the court that he was not
aware that he was going to trial that day, but appellant’s counsel stated that appellant
had known for the past two weeks when his case was going to trial. The trial court
then granted the State’s motion to amend the indictment in cause number 920324,
which had previously been filed on August 23, 2002, after appellant’s trial counsel
represented to the court that he had no objections to the amendment and that he had
received prior timely notice of the requested amendment from the State.
          After again receiving announcements of ready from the State and the defense,
the trial court conducted voir dire and empaneled 12 jurors who were given the oath
to decide appellant’s two cases. During a recess outside the presence of the jury, the
trial court instructed the State to arraign appellant in cause number 920324. The State
read the indictment to appellant as follows:
In the name and by the authority of the State of Texas, the duly
organized Grand Jury of Harris County, Texas, presents in the District
Court of Harris County, Texas, that in Harris County, Texas, Leron
Michael Alexander, hereafter styled the defendant, heretofore on or
about August 6, 2002, did then and there unlawfully while in the course
of committing theft of property owned by Anthony Culley, and with
intent to obtain and maintain control of that property, intentionally and
knowingly threatened and placed Anthony Culley in fear of imminent
bodily injury and death, and the defendant did then and there use and
exhibit a deadly weapon, to wit a firearm. Against the peace and dignity
of the State, signed the foreman of the grand jury.

          The trial court asked appellant if his name was read correctly and appellant said
that it was. The trial court asked appellant how he pleaded to the charges and
appellant said, “not guilty.” The State then read the second indictment as follows:
In the name and by the authority of the State of Texas, the duly
organized Grand Jury of Harris County, Texas, presents in the District
Court of Harris County, Texas, that in Harris County, Texas, Leron
Michael Alexander, hereafter styled the defendant, heretofore on or
about August 6, 2002, did then and there unlawfully while in the course
of committing theft of property owned by Derik Crosser, and with intent
to obtain and maintain control of that property, intentionally and
knowingly threatened and placed Derik Crosser in fear of imminent
bodily injury and death, and the defendant did then and there use and
exhibit a deadly weapon, to wit a firearm. Against the peace and dignity
of the State, signed the foreman of the grand jury.

The trial court again asked appellant if his name was read correctly and appellant said
that it was. The trial court asked appellant how he pleaded to the charges and
appellant said, “not guilty.” 
          After the jury was brought into the courtroom, appellant was arraigned in the
presence of the jury and the two indictments were again read to appellant. 
Appellant’s trial attorney responded to each of the indictments by stating that
appellant’s plea was “not guilty.” The trial proceeded before the jury, which heard
testimony from seven witnesses.
          Before beginning testimony on the second day of trial, September 4, 2002,
appellant’s counsel made the following statement to the trial court:
It’s been brought to my attention that the defendant about 10 minutes
ago said that he was never served with copies of the indictment. I
understand that he was indicted approximately seven or eight days ago. 
I’ve not been able to look at the files. I believe they’re on your bench,
Judge. That would be clearly the best evidence of whether he’s been
served and whether or not there’s a return. And when I read the
provisions 25.01 of the Code of Criminal Procedure and similarly 25.02,
it talks about mandatory language, Judge. It talks about shall. And then
it commands the sheriff to serve him if he’s in custody. That has not
been done, Judge. I’m asking the Court to look at the files if the Court
pleases. And he’s not been served with them, then I would move for a
mistrial at this point.

The court denied the motion for a mistrial, and the trial continued to verdicts,
judgments, and sentences.
          Appellant filed a motion for new trial, pertaining only to cause number 920324,
in which he alleged that his trial counsel was ineffective, and that his right to due
process and due course of law had been abrogated by being forced to trial without
being served with a copy of the indictment, as required by law. During the motion-for-new-trial hearing, the trial court considered evidence in the form of affidavits
from appellant and his trial counsel. Appellant’s affidavit stated that he never
received copies of the indictments and denied knowledge of what was transpiring in
court. Trial counsel’s affidavit stated that he had explained the nature of the
accusations made against appellant to him, and that appellant was not harmed by any
failure to receive actual copies of the indictments. The trial court denied appellant’s
motion for new trial.Statutory Service Requirement
          Appellant’s complaints on appeal all pertain to the failure of the appellant to
receive copies of the indictments filed against him while he was in custody, in
violation of articles 25.01 and 25.02 of the Code of Criminal Procedure. Article
25.01 provides as follows:
In every case of felony, when the accused is in custody, or as soon as he
may be arrested, the clerk of the court where an indictment has been
presented shall immediately make a certified copy of the same, and
deliver such copy to the sheriff, together with a writ directed to such
sheriff, commanding him forthwith to deliver such certified copy to the
accused.

Tex. Code Crim. Proc. Ann. art. 25.01 (Vernon 1989). On receiving an article
25.01 writ and copy, the sheriff shall immediately deliver the certified copy of the
indictment to the accused and return the writ to the issuing clerk, with the sheriff’s
return, showing when and how the copy was executed. Tex. Code Crim. Proc. Ann.
art. 25.02 (Vernon 1989). Neither the writ nor the return are in the record, and
appellant asserts that he was never served while in custody awaiting trial. No
evidence suggests or establishes that appellant was served with copies of the
indictments while he was in custody. We conclude that appellant has established that
he was not served with a copy of the indictments while in custody for the offenses,
in violation of articles 25.01 and 25.02 of the Code of Criminal Procedure.
Motion for Mistrial 
          Appellant’s first issue on appeal challenges the failure of the trial court to grant
a mistrial on the grounds that appellant had not been served with the indictments. We
review a trial court’s ruling denying a mistrial under an abuse of discretion standard. 
See Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 1999). A mistrial is a device
used to halt trial proceedings when error is so prejudicial that expenditure of further
time and expense would be wasteful and futile. Id. Thus, a trial court may properly
exercise its discretion to declare a mistrial if an impartial verdict cannot be reached
or if a verdict of conviction could be reached but would have to be reversed on appeal
due to an obvious procedural error. Id. Determining whether a given error
necessitates a mistrial must be made by examining the particular facts of the case. Id.
          Appellant has not established that his conviction would have to be reversed on
appeal due to “an obvious procedural error” See id. Errors involving statutory
noncompliance that do not affect an appellant’s substantial rights must be disregarded
on appeal. See Tex. R. App. P. 44.2(b); Jones v. State, 982 S.W.2d 386, 391-92 (Tex.
Crim. App. 1998). Although appellant has established noncompliance with articles
25.01 and 25.02 of the Code of Criminal Procedure, he has not demonstrated that his
substantial rights were affected under the circumstances presented here.
          Appellant and his attorney were aware of the charges against him and were
prepared for trial on the indictments. When the State read the indictments to
appellant twice at the beginning of the trial, appellant did not voice any objection that
he had not received a copy of the indictment or was unfamiliar with the charges. 
Appellant’s attorney announced “ready” for trial twice, said that he had no objections
to the amendment of the indictment, and affirmatively acknowledged that he was
familiar with the motion to amend and ready to proceed. Even when he later objected
to appellant’s not having been served with copies of the indictments, trial counsel
never alleged that appellant was harmed by the error. Trial counsel’s post-trial
affidavit expressed his opinion that appellant was well aware of the charges against
him and was not harmed by the failure to receive copies of the charges. Moreover,
trial counsel did not seek a continuance for more time to prepare against the charges
because of appellant’s not having been served with copies of the indictments—a less
drastic remedy than mistrial that would have cured any possible harm from the failure
to serve appellant. Because these circumstances establish that appellant was familiar
with the charges and prepared for trial on the indictments, appellant is not entitled to
a mistrial for failure to receive copies of the indictments in violation of articles 25.01
and 25.02 of the Code of Criminal Procedure.
          We overrule appellant’s first issue.
Due Process and Notice
          Appellant’s second and third issues contend that his rights to due process and
notice of the charges against him, as guaranteed by the Fifth and Fourteenth
Amendments to the United States Constitution and by article 1, §§ 10, 13, and 19 of
the Texas Constitution, were abrogated by the State’s failure to cause appellant to be
served with copies of the indictments charging him with the felony offenses of
aggravated robbery. See U.S. Const. amends. V, XIV; Tex. Const. arts. 1, §§ 10,
13, 19. It is axiomatic that error is forfeited when the complaint on appeal differs
from the complaint at trial. McGinn v. State, 961 S.W.2d 161, 166 (Tex. Crim. App.
1998). Because appellant never complained in the trial court that his state or federal
constitutional rights were violated by the State’s failure to serve him with copies of
his indictments, he has forfeited any error premised on those grounds. See id.
          Appellant first asserted constitutional objections concerning his failure to be
served with copies of the indictments in his motion for new trial pertaining only to
cause number 920324. To preserve error for appellate review, the complaining party
must make a timely, specific objection, at the earliest opportunity and obtain an
adverse ruling. Tex. R. App. P. 33.1(a); Valle v. State, 109 S.W.3d 500, 509 (Tex.
Crim. App. 2003); Goldberg v. State, 95 S.W.3d 345, 368 (Tex. App.—Houston [1st
Dist.] 2002, pet. ref’d). We conclude that appellant did not timely assert his due
process and notice complaints concerning the failure to receive a copy of the
indictment in cause number 920324 by raising them for the first time in his motion
for new trial. See Tex. R. App. P. 33.1(a); Valle, 109 S.W.3d at 509; Goldberg, 95
S.W.3d at 368; see also Wright v. State, 28 S.W.3d 526, 536 (Tex. Crim. App. 2000)
(explaining that even constitutional error may be waived).
          We overrule appellant’s second and third issues.
Conclusion
          We affirm the judgment of the trial court.
 

                                                             Elsa Alcala
                                                             Justice
 
Panel consists of Justices Nuchia, Alcala, and Hanks.
Publish. Tex. R. App. P. 47.4(a).