

# NUMBER 13-08-463-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **ERIC SIMON PELACHE,** | **Appellant,** |

**v.**

| | |
|---|---|
| **THE STATE OF TEXAS,** | **Appellee.** |

## On appeal from the 103rd District Court
## of Cameron County, Texas.

# DISSENTING OPINION

### Before Chief Justice Valdez and Justices Garza and Vela
### Dissenting Opinion by Justice Vela

I respectfully dissent. Appellant, Eric Simon Pelache, argues in issues five and six that the trial court's enhancement of his punishment from a state-jail felony to a second-degree felony violated his right to due process. The majority sustained both issues, reversed the trial court's sentence, and remanded the case for a new punishment hearing,

instructing the trial court "to assess a punishment without regard to the two improperly noticed enhancement allegations." *See Pelache v. State*, no. 13-08-00463-CR, 2009 Tex. App. Lexus, at \*9 (Tex. App.–Corpus Christi June 26, 2009 no pet. h.). Because I would hold that Pelache failed to preserve both issues for review, I would overrule both issues.

In his fifth and sixth issues, Pelache argued that the trial court erred in applying the punishment range applicable to a second-degree felony because (1) the notice to him that the State was seeking to enhance his sentence violated his right to due process, and (2) the process of enhancing his sentence violated his right to due process. Pelache raised nine arguments in support of his contention that his right to due process was violated.

Rule 33.1 of the Texas Rules of Appellate Procedure governs preservation of error, and states, in part:

> (a) In General.–As a prerequisite to presenting a complaint for appellate review, the record must show that:
>
> > (1) the complaint was made to the trial court by a timely request, objection, or motion that:
> >
> > (A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context[.]

TEX. R. APP. P. 33.1.

This rule encompasses the concept of "party responsibility." *Reyna v. State*, 168 S.W.3d 173, 176 (Tex. Crim. App. 2005). In other words, "[t]he complaining party bears the responsibility of clearly conveying to the trial judge the particular complaint, including the precise and proper application of the law as well as the underlying rationale." *Id.* at 177. "To avoid forfeiting a complaint on appeal, the party must 'let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge

to understand him at a time when the judge is in the proper position to do something about it.'" *Pena v. State*, No. PD-1411-07, 2009 WL 928594, at *8 (Tex. Crim. App. Apr. 8, 2009) (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)). This method gives the trial court and the opposing party a chance to correct the error. *Id*. "Whether a party's particular complaint is preserved depends on whether the complaint on appeal comports with the complaint made at trial. In making this determination, we consider the context in which the complaint was made and the parties' shared understanding at that time." *Id*. (footnote omitted).

Here, Pelache did not object before the trial court or argue in his motion for new trial that either the notice to him that the State was seeking to enhance his sentence, or the process of enhancing his sentence violated his right to due process under either state or federal constitutional grounds. In the context in which Pelache lodged his objection, he did not clearly convey to the trial court "the precise and proper application of the law as well as the underlying rationale." *See Pena*, 2009 WL 928594, at *8. Thus, Pelache did not put the trial court on notice that it should consider whether enhancement of his punishment from a state-jail felony to a second-degree felony violated his right to due process. Nothing in the record suggests that the trial court was aware of Pelache's argument that enhancement of his punishment from a state-jail felony to a second-degree felony violated his right to due process. Therefore, Pelache did not preserve error. *See* Tex. R. App. P. 33.1; *Pena*, 2009 WL 928594, at *8; *see also Alexander v. State*, 137 S.W.3d 127, 130-31 (Tex. App.–Houston [1st Dist.] 2004, pet. ref'd) (holding that failure to object to trial court about violations of federal and state due process waived appellate review of those claims).

Fundamental error may be raised for the first time on appeal. *See* Tex. R. Evid. 103(d) (providing that an appellate court may take notice of fundamental errors affecting

substantial rights although the errors were not preserved at trial). Fundamental errors are violations of rights which are "waivable only"[1] or denials of absolute systemic requirements[2]—both of which need not be preserved by objection. *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004); *Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993), *overruled on other grounds by Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997). Thus, Pelache was required to object unless this right is one that is either waivable only or an absolute, systemic requirement. Pelache refers to no authority holding that the complaints stated in issues five and six constitute either a waivable only right or an absolute, systemic requirement.

Even if Pelache was not required to preserve these issues, he has cited no authority to support his arguments. To preserve an issue for appellate review, "the brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i). "An argument that fails to cite supporting authority presents nothing for review." *Rocha v. State*, 16 S.W.3d 1, 20 (Tex. Crim. App. 2000) (citing *McFarland v. State*, 928 S.W.2d 482, 512 (Tex. Crim. App. 1996)), *see Dunklin v. State*, 194 S.W.3d 14, 23 (Tex. App.–Tyler 2006, no pet.); *Willis v. State*, 192 S.W.3d 585, 597 (Tex. App.–Tyler 2006, pet. ref'd); *Dennis v. State*, 151 S.W.3d 745, 752 (Tex. App.–Amarillo 2004, pet. ref'd); *King v. State*, 17 S.W.3d 7, 23 (Tex. App.–Houston [14th Dist.] 2000, pet. ref'd) (op. on reh'g). Because Pelache has failed to

---

[1]Examples of rights that are waivable only include the rights to the assistance of counsel and to a jury trial. *Saldano v. State*, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002).

[2]Examples of absolute systemic requirements include jurisdiction of the person, jurisdiction of the subject matter, a penal statute's being in compliance with the Separation of Powers section of the state constitution, a constitutional requirement that a district court must conduct its proceedings at the county seat, the constitutional prohibition of ex post facto laws, and certain constitutional restraints on the comments of a judge. *Id*. at 888-89.

cite supporting authority for his arguments that the notice to him that the State was seeking to enhance his sentence violated his right to due process, or that the process of enhancing his sentence violated his right to due process, issues five and six are inadequately briefed and presents nothing for review.  TEX. R. APP. P. 38.1(i); *Rocha,* 16 S.W.3d at 20 (holding that an argument that fails to cite to supporting authority in support of claim presents nothing for review).  I would overrule issues five and six.

For these reasons, I respectfully dissent.


ROSE VELA
Justice


Publish.  TEX. R. APP. P. 47.2(b).

Dissenting Opinion delivered and
filed this 26th day of June, 2009.