

## NUMBER 13-09-136-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI ‑ EDINBURG

FELIX ARGUELLEZ, JR.,                                                          Appellant,

v.

THE STATE OF TEXAS,                                                          Appellee.

On appeal from the 377th District Court
of Victoria County, Texas.

## MEMORANDUM OPINION

**Before Justices Yañez, Benavides, and Vela**
**Memorandum Opinion by Justice Vela**

Appellant, Felix Arguellez, Jr., was indicted for possession of cocaine in an amount

of one gram or more but less than four grams, a third-degree felony. *See* Tex. Health &

Safety Code Ann. § 481.115(a), (c) (Vernon 2003). Pursuant to a plea-bargain agreement,

Arguellez pleaded guilty to the offense, and the trial court sentenced him to eight years'

imprisonment. The trial court suspended the sentence and placed him on community supervision for five years and fined him $2,500.

The State subsequently filed a motion to revoke community supervision, alleging that Arguellez violated the terms and conditions of community supervision by committing the offense of assault causing bodily injury-family violence,[1] failing to pay required court costs, failing to pay the $2,500 fine, and failing to complete the required hours of community-service restitution. Arguellez pleaded "true" to all of the allegations, and after hearing testimony and closing arguments, the trial court found the allegations to be "true" and sentenced Arguellez to eight years' imprisonment, plus a $2,500 fine. By one issue,[2] Arguellez argues that article 42.07 of the Texas Code of Criminal Procedure is unconstitutional because it abridges a defendant's Due Process right under the United States Constitution to personally address the trial court, apart from testifying, in mitigation of his sentence. We affirm.

## I. Discussion

Article 42.07 of the Texas Code of Criminal Procedure provides:

Before pronouncing sentence, the defendant shall be asked whether he has anything to say why the sentence should not be pronounced against him. The only reasons which can be shown, on account of which sentence cannot be pronounced, are:

1. That the defendant has received a pardon from the proper authority, on the presentation of which, legally authenticated, he shall be discharged.

2. That the defendant is incompetent to stand trial; and if evidence be shown to support a finding of incompetency to stand trial, no sentence shall be pronounced, and the court shall proceed under Chapter 46B; and

---

[1]*See* Tex. Penal Code Ann. § 22.01(a)(1), (b)(2) (Vernon Supp. 2008).

[2]In the "Trial Court's Certification of Defendant's Right of Appeal," the trial court certified that "this criminal case: is not a plea-bargain case, and the defendant has the right of appeal."

3. When a person who has been convicted escapes after conviction and before sentence and an individual supposed to be the same has been arrested he may before sentence is pronounced, deny that he is the person convicted, and an issue be accordingly tried before a jury, or before the court if a jury is waived, as to his identity.

TEX. CODE CRIM. PROC. ANN. art. 42.07 (Vernon 2006).

Rule 33.1 of the Texas Rules of Appellate Procedure governs preservation of error, and states, in part:

(a) *In General.* As a prerequisite to presenting a complaint for appellate review, the record must show that:

(1) the complaint was made to the trial court by a timely request, objection, or motion that:

(A) stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context;

TEX. R. APP. P. 33.1(a)(1)(A).

"This Rule encompasses the concept of 'party responsibility.'" *Pena v State*, 285 S.W.3d 459, 463 (Tex. Crim. App. 2009) (quoting *Reyna v. State*, 168 S.W.3d 173, 176 (Tex. Crim. App. 2005)). In other words, the complaining party bears the responsibility of clearly conveying to the trial court the particular complaint, including the precise and proper application of the law, as well as the underlying rationale. *Id*. at 463-64. To avoid forfeiting a complaint on appeal, the party "'must let the trial judge know what he wants, why he thinks he is entitled to it, and to do so clearly enough for the judge to understand him at a time when the judge is in the proper position to do something about it.'" *Id*. at 464 (quoting *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992)). "Whether a party's particular complaint is preserved depends on whether the complaint on appeal comports with the complaint made at trial. In making this determination, we consider the context in which the complaint was made and the parties' shared understanding at that time." *Id*.

3

(footnote omitted.).

At the revocation hearing, Arguellez had the right, through counsel, to present evidence and argument to support a mitigation request. In fact, Arguellez testified at the revocation hearing, asking the trial court to continue him on community supervision. When the trial court asked defense counsel, "Is there any legal reason why sentence should not be imposed and assessed?", defense counsel replied, "No, your Honor." After a brief distraction, the trial court again asked, "Any legal reason why sentence should not be imposed?". Defense counsel replied, "No legal reason." The trial court then assessed punishment. Defense counsel did not state that any of article 42.07's three reasons for withholding pronouncement of sentence applied to him, and he voiced no objection or complaint with respect to the assessment of punishment or that article 42.07 violated any right under either the United States or Texas Constitutions. Furthermore, there are no post-judgment motions that include argument or authority challenging the constitutionality of article 42.07. Nothing in the record suggested that the trial court was aware of Arguellez's argument that article 42.07 is unconstitutional because it denies a defendant a right of allocution, i.e., the right of a defendant to make a final plea to the judge on his or her own behalf prior to sentencing.

In *Eisen v. State*, 40 S.W.3d 628 (Tex. App.–Waco 2001, pet. ref'd), the court held that a defendant did not have a constitutional right to allocution and that the trial court's failure to follow article 42.07 was not preserved for review when the defendant did not contend that one of the statute's three reasons applied to him. *Id.* at 636. Thus, Arguellez forfeited this complaint on appeal. *See* TEX. R. APP. P. 33.1(a)(1)(A); *Pena*, 285 S.W.3d at 464; *see also Alexander v. State*, 137 S.W.3d 127, 130-31 (Tex. App.–Houston [1st Dist.] 2004, pet. ref'd) (holding that failure to object to trial court about violations of federal and

4

state due process waived appellate review of those claims); *Miles v. State*, 688 S.W.2d 219, 227 (Tex. App.–El Paso 1985, pet. ref'd) (holding that "[a]n objection to denial of allocution is a prerequisite to appellate complaint").

Fundamental error may be raised for the first time on appeal. *See* TEX. R. EVID. 103(d) (providing that an appellate court may take notice of fundamental errors affecting substantial rights although the errors were not preserved at trial). Fundamental errors are violations of rights which are "waivable only"[3] or denials of absolute systemic requirements[4]—both of which need not be preserved by objection. *Mendez v. State*, 138 S.W.3d 334, 341 (Tex. Crim. App. 2004); *Marin v. State*, 851 S.W.2d 275, 280 (Tex. Crim. App. 1993), *overruled on other grounds*; *Cain v. State*, 947 S.W.2d 262 (Tex. Crim. App. 1997). Thus, Arguellez was required to object unless this right is one that is either waivable only or an absolute, systemic requirement. Arguellez refers to no authority holding that his complaint constitutes either a waivable-only right or an absolute, systemic requirement.

We note that the United States Supreme Court has not found that the United States Constitution mandates a right of allocution free from cross-examination before punishment has been assessed. *See Hill v. United States*, 368 U.S. 424, 429 (1962) (finding no constitutional violation when trial court violated federal procedural rule mandating that court ask defendant if he had anything to say before sentence was imposed). Likewise, the court of criminal appeals has not interpreted the United States Constitution as requiring such a

---

[3]Examples of rights that are waivable only include the rights to the assistance of counsel and to a jury trial. *Saldano v. State*, 70 S.W.3d 873, 888 (Tex. Crim. App. 2002).

[4]Examples of absolute systemic requirements include jurisdiction of the person, jurisdiction of the subject matter, a penal statute's being in compliance with the Separation of Powers Section of the state constitution, a constitutional requirement that a district court must conduct its proceedings at the county seat, the constitutional prohibition of ex post facto laws, and certain constitutional restraints on the comments of a judge. *Id*. at 888-89.

right. "Remorse following commission of a serious crime may well be a circumstance tending in some measure to mitigate the degree of a criminal's fault, but it must be presented in a form acceptable to the law of evidence." *Lewis v. State*, 815 S.W.2d 560, 568 (Tex. Crim. App. 1991). The sole issue for review is overruled.

## II. CONCLUSION

We affirm the trial court's judgment.


ROSE VELA
Justice


Do not publish.
TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this 8th day of October, 2009.

6