Opinion issued June 30, 2011



In The

Court of
Appeals

For The

First District
of Texas

————————————

NOS. 01-09-00500-CR, 01-09-00501-CR,
01-09-00527-CR, 01-09-00528-CR, 01-09-00529-CR

———————————

Jeffrey F. Dorsten, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 240th District Court 

Fort Bend County, Texas



Trial Court Case Nos. 46062, 46065, 45593, 45594, 46063

 



 

MEMORANDUM OPINION

          Appellant,
Jeffrey F. Dorsten, without an agreed punishment recommendation from the State,
pleaded guilty to three separate offenses of aggravated sexual assault of a child[1] and two separate offenses
of indecency with a child.[2]  The trial court found appellant guilty of
each offense and assessed his punishment at confinement for thirty-four years
for each aggravated sexual assault offense and ten years for each indecency
with a child offense, with the sentences to run concurrently.  In three issues in each appeal, appellant
contends that the trial court assessed a punishment that is “grossly disproportionate”
to the crime committed,[3] “no reasonable fact-finder
could have assessed” the punishment “given the underlying factual context,” and
the punishment assessed by the trial court violated his right to due
process.  

          We
affirm.  

Background

          A Ford
Bend County Grand Jury issued a true bill of indictment, accusing appellant of
committing the offense of aggravated sexual assault of a child on March 10,
1999, April 30, 1999, and July 1, 1999, and the offense of indecency with a
child on September 1, 1998, and July 1, 2001. 
In conjunction with his guilty pleas, appellant filed applications for
deferred adjudication and requested pre-sentence investigation (“PSI”) reports,
which were filed with the trial court.  

          During
the punishment hearing, appellant requested that the trial court consider “a
long probation . . . under the strictest of rules that can be done for sexual
offenders with treatment under the law.”  The State argued for confinement for life for
the aggravated sexual assault offenses and twenty years for the indecency with
a child offenses.  At the conclusion of
the punishment hearing, the trial court found appellant guilty of all five
offenses, stating that “there are a lot of factors that enter into the
[punishment] decision” and it will “take into account all of those factors to
make a decision that . . . is warranted in this case.”  After the trial court announced its
sentences, appellant neither objected at the hearing nor filed a motion for new
trial. 

Excessive Punishment

In his first issue in each appeal, appellant argues that the
sentence assessed constitutes “cruel and unusual punishment” and is “excessive”
and “grossly disproportionate” to the crimes committed because his conduct did
not involve any type of violence or force, he is a first-time offender, the
“victims are at the upper end of the statutorily protected age range,” and
there are no “aggravating factors to justify such an excessive sentence.”  The State argues that because appellant neither
objected to the alleged disproportionality of the sentences in the trial court
nor raised the issue in post-trial motions, appellant has not preserved this
argument for our review.  

To preserve error for appellate review, a timely and
reasonably specific objection, followed by an adverse ruling is required.  Tex. R.
App. P. 33.1(a); Jacoby v. State, 227 S.W.3d 128, 130 (Tex. App.—Houston
[1st Dist.] 2006, pet. ref’d); Steadman
v. State, 31 S.W.3d 738, 742 (Tex. App.—Houston [1st Dist.] 2000, pet.
ref’d) (citing Turner v. State,
805 S.W.2d 423, 431 (Tex. Crim. App. 1991)). 
The failure to object to an alleged disproportionate sentence in the
trial court or in a post-trial motion waives any error.  Jacoby,
227 S.W.3d at 130; see, e.g., Nicholas v. State, 56 S.W.3d 760, 768 (Tex. App.—Houston
[14th Dist.] 2001, pet. ref’d).  Here,
appellant neither objected to the alleged disproportionality of the sentences
in the trial court, nor raised the issue in post-trial motions.  His argument, therefore, is not preserved for
review.  See Tex. R. App. P. 33.1(a).

Accordingly, we overrule appellant’s first issue in each
appeal.

Abuse of Discretion

In his second issue in each appeal, appellant argues that
the “sentence rendered by the trial court amounted to an abuse of discretion
because no reasonable fact-finder could have assessed such a sentence given the
underlying factual context,” i.e., the sentence is “radically out of step with
the facts presented.”  Appellant asserts
that the trial court abused its discretion “in failing to properly consider”
mitigating factors, the testimony of the evaluating psychologists, and the
underlying facts.  Appellant notes that a
psychologist testified that appellant’s “psychological background was composed
of low-risk indicators,” two psychologists testified that his potential
recidivism rate was 12-19%, there were no allegations of violence or force in
the commission of the offenses, and there is no evidence of any criminal acts
by appellant in the nine years since the July 1, 2001 offense.   

We will not overturn a trial judge’s decision on punishment
absent an abuse of discretion.  Jackson
v. State, 680 S.W.2d 809,
814 (Tex. Crim. App. 1984).  As a general
rule, a trial court’s assessment of punishment will not be disturbed on appeal
if it falls within the statutory limit.  Id.;
Hernandez v. State, Nos.
01-00-01422-CR, 01-00-01423-CR, 2002 WL 356740, at *3 (Tex. App.—Houston [1st
Dist.] Mar. 7, 2002, pet. ref’d) (not designated for publication).  

Here, appellant was convicted of three separate first-degree
felonies, aggravated sexual assault of a child, and two separate second-degree
felonies, indecency with a child.  See Tex.
Penal Code Ann. §§ 22.02, 21.11(a)(1) (Vernon 2011).  The punishment for a first degree felony is
confinement for life or any term of not more than ninety-nine years or less than
five years.  Id. § 12.32 (Vernon 2011). 
The punishment for a second degree felony is confinement for any term of
not more than twenty years or less than two years.  Id.
§ 12.33 (Vernon 2011).  

As noted above, the trial court sentenced appellant to confinement
for thirty-four years for each offense of aggravated sexual assault of a child
and ten years for each offense of indecency with a child, with the sentences to
run concurrently.  Thus, the trial court
assessed punishment within the applicable statutory range.  Nothing in the record indicates that the
trial judge did not consider the testimony and evidence relied on by appellant.  See
Gerhardt v. State, 935 S.W.2d 192, 196 (Tex. App.—Beaumont 1996, no pet.)
(holding no abuse of discretion when sentence fell on the high end of the
statutory range when nothing in record indicated that trial court did not
consider mitigating facts pointed out by appellant).  Indeed, the punishment assessed in each case
is far less than that argued for by the State. 
Accordingly, we hold that the trial court did not abuse its discretion
in assessing appellant’s punishment for each offense.

We overrule appellant’s second issue in each appeal.

Due Process

In his third issue in each appeal, appellant argues that the
“process by which [he] was sentenced violated his right to due process by
delegating unguided and unchecked judicial discretion to the trial court,
resulting in an excessive sentence.”  He
further argues that because the Texas Legislature has not enacted sentencing
guidelines, “it is left to the appellate judiciary to place meaningful limits
on unfettered discretion and the resulting disproportionality such as that
which has occurred in this case.”

As noted above, the record reveals that appellant made no
objections to the trial court about its sentences.  A defendant must present to the trial court a
timely, specific objection and obtain an adverse ruling to preserve for appeal
his complaint concerning a violation of due process rights.  See Tex. R. App. P. 33.1(a)(1)(A); Alexander v. State, 137 S.W.3d 127,
130–31 (Tex. App.—Houston [1st Dist.] 2004, pet. ref’d) (holding that failure
to object to violations of federal and state due process rights waives
appellate review of those claims). 
Accordingly, appellant has waived his challenge to his sentence on due
process grounds.  See id.  

We overrule appellant’s third issue in each appeal.

Conclusion

We affirm the judgments of the trial court.  

 

 

                                                                   Terry
Jennings

                                                                   Justice


 

Panel
consists of Justices Jennings, Bland, and Massengale.

Do
not publish.  Tex. R. App. P. 47.2(b).











[1]
          See Tex. Penal Code Ann. §
22.02 (Vernon 2011); trial cause nos. 46062, 46065, 46063; appellate cause nos.
01-09-00500-CR, 01-09-00501-CR, 01-09-00529-CR.

 





[2]
          See id. § 21.11 (Vernon 2011); trial cause nos. 45593, 45594;
appellate cause nos. 01-09-00527-CR, 01-09-00528-CR.

 





[3]           See
U.S. Const. amend VIII; see also Tex. Const. art. I, § 13.