

# NUMBER 13-16-00186-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

MARTIN EBEGBODI,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                Appellee.

### On appeal from the 178th District Court
### of Harris County, Texas.

# MEMORANDUM OPINION[1]

### Before Chief Justice Valdez and Justices Longoria and Hinojosa
### Memorandum Opinion by Justice Hinojosa

---

[1] This appeal was transferred to this Court from the Fourteenth Court of Appeals by order of the Texas Supreme Court. *See* TEX. GOV'T CODE ANN. § 22.220(a) (West, Westlaw through Ch. 49, 2017 R.S.) (delineating the jurisdiction of appellate courts); *id.* at §73.001 (West, Westlaw through Ch. 49, 2017 R.S.) (granting the supreme court the authority to transfer cases from one court of appeals to another at any time there is "good cause" for the transfer).

Appellant, Martin Ebegbodi, was indicted for the offense of murder, a first-degree felony. *See* TEX. PENAL CODE ANN. § 19.02(b), (c) (West, Westlaw through Ch. 49, 2017 R.S.). Appellant pleaded not guilty and asserted the justification defenses of self-defense and defense of a third person. *See id.* §§ 9.32, 9.33 (West, Westlaw through Ch. 49, 2017 R.S.). The jury found appellant guilty and assessed punishment at confinement in the Texas Department of Criminal Justice-Institutional Division for twenty years. By one issue, appellant argues that the "trial court denied the appellant's constitutional right to present a defense when the court prohibited the appellant from presenting to the jury that complainant was under indictment for abandoning her child at the time the appellant fatally shot her." We affirm.

## I. BACKGROUND

Appellant was married to Isioma Ebegbodi, and they had three surviving children[2] together. Appellant resided in Houston, Texas, and Isioma resided in Kansas City, Kansas, where she was employed as a medical records officer. Appellant was the primary caretaker of the children while Isioma worked and resided in Kansas. Isioma visited her husband and children approximately once a month at their home in Houston. During the month of March 2014, appellant rang his neighbor's doorbell in the early morning hours and told his neighbor that he needed him to call the police as his wife was home. Appellant did not elaborate further and walked away. Police officers arrived onsite to investigate and found appellant standing outside holding his youngest child. Appellant told police that he "had married a fraud" multiple times. The police officer

---

[2] Appellant and Isioma had a child that passed away from sudden infant death syndrome.

2

responded to appellant that he needed to speak with Isioma.  At that time, appellant responded that he had shot Isioma.  The police officer called for additional support, and once additional law enforcement personnel arrived they entered appellant's and Isioma's dwelling.  Isioma was on the floor in the living room covered in blood.  Medical emergency personnel arrived and determined that Isioma was deceased.  A gun was found in a trashcan in the doorway adjoining the garage of the house to the residence. The trial court sustained the State's objection to evidence that Isioma was under indictment pursuant to Texas Rules of Evidence 401, 402, 404 and 609[3].  *See* TEX. R. EVID. 401, 402, 404, 609.  A jury returned a verdict of guilty.  This appeal followed.

## II. EVIDENTIARY RULING

### A.    Standard of Review

A trial judge has great discretion in the admission of evidence at trial.  *Druery v. State*, 225 S.W.3d 491, 502 (Tex. Crim. App. 2007); *Montgomery v. State*, 810 S.W.2d 372, 378–79 (Tex. Crim. App. 1990) (op. on reh'g).  Therefore, we review the trial court's decision to admit or exclude evidence under an abuse of discretion standard.  *Davis v. State*, 329 S.W.3d 798, 803 (Tex. Crim. App. 2010); *Martinez v. State*, 327 S.W.3d 727, 736 (Tex. Crim. App. 2010).  The abuse of discretion standard is applicable to appellant's complaint that his constitutional right to present a defense was violated.  *See Miller v. State*, 36 S.W.3d 503, 507 (Tex. Crim. App. 2001).  The trial court is in charge of making

---

[3] Texas Rule of Evidence 609 provides for the admissibility of certain criminal convictions.  *See* TEX. R. EVID. 609.  Isioma was under indictment and had not been convicted.  As such, Rule 609 is not applicable.  *See Martinez v. State*, 17 S.W.3d 677, 688 (Tex. Crim. App. 2000) (explaining that evidence of prior specific instances of conduct are not admissible under Rule 609 if they were not prior convictions). Appellant concedes on appeal that he was not offering the pertinent evidence under Rule 609.  Therefore, we need not address Rule 609's application further. *See* TEX. R. APP. P. 47.1.

the threshold decision as to whether evidence is relevant or not, and its decision will not be disturbed on appeal unless it is "clearly wrong." *Henley v. State*, 493 S.W.3d 77, 83 (Tex. Crim. App. 2016).

## B.    Applicable Law

Relevant evidence is admissible unless the United States Constitution, a statute, Texas Rules of Evidence, or other rules prescribed under statutory authority prohibit the evidence from being admissible.  TEX. R. EVID. 402.   Evidence is relevant if:   (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.  *Id.* R. 401(a), (b).  For evidence to be relevant, it must be material and probative.  *Henley*, 493 S.W.3d at 77. In order for evidence to be material, it must address "a fact that is of consequence to the determination of the action."  *Id.*   Evidence will be considered immaterial and not admissible if the evidence is not a matter in issue.  *Id.*   Probative evidence must tend to make the existence of the fact "more or less probable than it would be without the evidence."  *Id.* (citing *Miller* 36 S.W.3d at 507).  To decide whether a fact is "of consequence" we look at the reason appellant is offering the evidence and decide whether the evidence in question supports appellant's claim of self-defense or defense of a third person.  *See* TEX. PENAL CODE ANN. §§ 9.32, 9.33; *Henley,* 493 S.W.3d at 88.

Generally, evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait.  TEX. R. EVID. 404(a)(1).  However, an exception for the victim is that in a criminal case, a defendant may offer evidence of a victim's pertinent trait.  *Id.* R. 404(a)(3)(B).

Such evidence, however, may only take the form of reputation or opinion testimony. *Martinez v. State*, 17 S.W.3d 677, 687 (Tex. Crim. App. 2000). Generally, evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with that character unless the evidence is submitted for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident. TEX. R. EVID. 404(b)(1).

When a defendant asserts that the deceased was the first aggressor, prior specific acts of violence relevant to the final confrontation may be offered to show a deceased state of mind, intent, or motive. *Torres v. State*, 71 S.W.3d 758, 761–62 (Tex. Crim. App. 2002); *see Thompson v. State*, 659 S.W.2d 653–54, (Tex. Crim. App. 1983) (holding that when the evidence of aggression is ambiguous, unrelated specific acts of violence committed by the deceased are admissible to explain the deceased's conduct and help determine who the aggressor was in the fray). However, if a complainant's actions (requiring a defendant to use deadly force) are unambiguously violent or aggressive, "evidence of the complainant's extraneous conduct admitted in conjunction with [her] unambiguous act would have no relevance apart from its tendency to prove the victim's character conformity and, thus, would be inadmissible." *James v. State*, 335 S.W.3d 719, 728 (Tex. App.— Fort Worth 2011, no pet.).

Under Texas Penal Code section 9.32, a person is justified in using deadly force against another (1) if the actor would be justified in using force against the other under Section 9.31; and (2) when and to the degree the actor reasonably believes the deadly

5

force is immediately necessary to protect the actor against the other's use or attempted use of unlawful deadly force.   TEX. PENAL CODE ANN. § 9.32.   Under Texas Penal Code section 9.33, a person is justified in using force or deadly force against another to protect a third person if:   (1) under the circumstances as the actor reasonably believes them to be, the actor would be justified under section 9.31 or 9.32 in using force or deadly force to protect himself against the unlawful force or unlawful deadly force he reasonably believes to be threatening the third person he seeks to protect; and (2) the actor reasonably believes that his intervention is immediately necessary to protect the third person.   *Id.* § 9.33.   The defendant may offer evidence of specific prior acts of violence by the victim to show the "reasonableness of defendant's claim of apprehension of danger" from the victim.   *See* TEX. R. EVID. 404(b); *see also Ex parte Miller*, 330 S.W.3d 610, 618–19 (Tex. Crim. App. 2009).

### C. Excluded Testimony

Appellant stated he would be offering testimony to show that Isioma had prior acts of hostility that were aimed at appellant and the children.   The State filed a motion in limine to prohibit appellant from engaging in any discussion in front of the jury without first approaching the court regarding Isioma's indictment of abandoning a child, a felony offense.   *See* TEX. PENAL CODE ANN. § 22.041 (West, Westlaw through Ch. 49, 2017 R.S.)   The indictment against Isioma was still pending at the time of her death and was not a final conviction.   The State argued to the trial court that any discussion of the pending indictment is not valid character impeachment under Texas Rules of Evidence 404(b) and 609.   *See* TEX. R. EVID. 404(b), 609.

6

Appellant argued that evidence of Isioma's indictment for abandoning a child is permissible under Texas Rule of Evidence 404(b) as the evidence can be used to show Isioma had motive or intent in the form of hostility against appellant and their children. *See id.* R. 404(b). Specifically, appellant argued at trial that "under the theory of abandonment, omission, not caring for the children properly, is basically the same thing as being violent towards them." Appellant argued that without this evidence, the jury did not have the "complete story" necessary to determine if appellant reasonably believed deadly force was necessary to protect himself and his three children. *See* TEX. PENAL CODE ANN. §§ 9.32, 9.33. The trial court sustained the State's objections to the evidence, ruling that it was not relevant under Texas Rules of Evidence 401, 402 and 404(b). *See* TEX. R. EVID. 401, 402, 404(b).

### D. Analysis

Appellant argues that the excluded evidence was relevant to his justification defense. *See* TEX. PENAL CODE ANN. §§ 9.32, 9.33. Isioma's indictment for abandoning a child does not serve to explain Isioma's otherwise unambiguous aggressive conduct toward appellant. Appellant testified to the jury that Isioma entered their home, came after appellant, grabbed his throat, knocked him against a wall, and was pressing against his throat. Appellant testified he pushed Isioma away, but she became more furious, grabbed his throat again, pushed him against the wall, and was spitting in his face. Isioma told appellant, "I'm going to deal with you and deal with your daughter[.]" Isioma released appellant, and appellant testified that Isioma proceeded to look for a butcher knife in the kitchen. When Isioma was unable to find a butcher knife, appellant testified

7

that Isioma went to the fireplace in another room looking for a butcher knife. Isioma was unable to locate a butcher knife and picked up a badminton racket. Appellant testified he feared that Isioma would go after him or his daughter so he pulled his gun from a closet, pointed it at her, and shot her three times. Because Isioma's actions as provided by the testimony of appellant were "unambiguous, violent, and aggressive," evidence of Isioma's indictment for abandoning a child would have no relevance other than character conformity. *See* TEX. R. EVID. 404(b); *James*, 335 S.W.3d at 728; *see also Torres,* 71 S.W.3d at 761–62; *Thompson,* 659 S.W.2d at 653–54.

We further reject appellant's argument that the evidence of Isioma's indictment of abandoning a child served to establish that deadly force was "immediately necessary" to "avoid imminent harm."

> The justification defense of necessity applies when action is needed "immediately" (i.e., "now" to avoid "imminent" harm (i.e. harm that is near at hand)). Applying this interpretation in the context of self-defense and defense of a third person, a force that is "immediately necessary" to protect oneself or another from a person's use of unlawful force is force that is needed at that moment— "when a split second decision is required."

*Henley*, 493 S.W.3d at 89–90. Isioma was indicted for abandoning a child on September 13, 2013. Appellant testified that Isioma returned home on March 22, 2014, nearly 190 days after Isioma was indicted. Because the evidence involved a non-violent act occurring remotely in time, which did not present "imminent harm" to appellant or appellant's children, the evidence is not material nor probative to establish that self-defense was immediately necessary. The trial court did not abuse its discretion in determining that the evidence was inadmissible character evidence.

**E. Harmless Error**

Even if we were to assume that the trial court erred in excluding evidence of Isioma's indictment for abandoning a child, we would nevertheless conclude that any error was harmless.

> Exclusion of evidence does not result in reversible error unless the exclusion affects a substantial right of the defendant. *Alexander v. State*, 137 S.W.3d 127, 130 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) (stating that erroneous admission or exclusion of evidence does not result in reversible error unless it affects substantial right of accused); *see also* TEX. R. APP. P. 44.2(b). We must assess, from the context of the error, whether the judgment requires reversal because the error affected appellant's substantial rights. *See Johnson v. State*, 43 S.W.3d 1, 5 (Tex. Crim. App. 2001). Error affects a substantial right when it has a substantial and injurious effect or influence in determining the jury's verdict. *See id.* at 4. When we assess the likelihood that the jury's decision was adversely affected by the error, we consider everything in the record, including any testimony or physical evidence admitted for the jury's consideration, the nature of the evidence supporting the verdict, the character of the error, and how it might be considered in connection with other evidence in the case. *Motilla v. State*, 78 S.W.3d 352, 355 (Tex. Crim. App. 2002).

*Smith v. State*, 355 S.W.3d 138, 151 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd). Here, appellant was allowed to introduce numerous prior violent acts committed by Isioma against both appellant and the children. Specifically, appellant testified that within the year prior to appellant shooting Isioma, she physically attacked appellant by scratching his face, slapped the youngest child on the left cheek, chased another child around the house, and beat their son to the point the son had blood on his face. Appellant also testified regarding other instances in which Isioma demonstrated hostility towards appellant and their children. Despite this evidence, the jury chose to reject appellant's claims of self-defense and defense of third parties, as was its province. See *id.* at 152.

9

In view of the evidence appellant was allowed to introduce regarding Isioma's prior acts of violence, we would hold that the trial court's exclusion of Isioma's indictment for abandoning a child neither affected appellant's defensive theory nor affected his substantial rights. *See id.* Therefore, we would conclude that the error, if any, was harmless. *See* TEX. R. APP. P. 44.2(b).

**F.     Summary**

The trial court did not abuse its discretion in sustaining the State's objections under Rules 401, 402 and 404(b). Further, because the excluded evidence was irrelevant, appellant's fundamental right to present a defense was not violated. *See* TEX. R. EVID. 402; *see also Miller*, 36 S.W.3d at 507. Finally, any error was harmless. *See* TEX. R. APP. 44.2(b). We overrule appellant's sole issue.

### III.   CONCLUSION

We affirm the trial court's judgment.

LETICIA HINOJOSA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
27th day of July, 2017.

10