**William P. DENNIS, Plaintiff,**

v.

**Alan CHARNES, Director of Revenue, State of Colorado, and the State of Colorado, Defendants.**

**Civ. A. No. 83–C–1154.**

United States District Court, D. Colorado.

Sept. 23, 1983.

have moved to dismiss this action for failure to state a claim. Plaintiff William Dennis claims that his religious freedom and his right to travel as guaranteed by the First and Fourteenth Amendments to the United States Constitution were violated when the defendants denied him a driver's license because he refused, based on his religious beliefs, to be photographed. The issues have been briefed thoroughly and oral argument would not materially assist in determining this motion.

Dennis, whose religious affiliation is with the Assembly of YHWHHOSHUA, believes that the Bible prohibits his being photographed. In his view this would constitute creating a graven image, thus violating a Biblical injunction. In April 1983, when the plaintiff sought a Colorado driver's license, his request was denied pursuant to C.R.S. Section 42–2–112(1) (1973), as amended, which requires that every Colorado driver's license shall exhibit the driver's photograph. The applicable rule provides that a complaint shall "not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). *See also Bryan v. Stillwater Bd. of Realtors,* 578 F.2d 1319 (10th Cir.1977).

To determine if there are any facts which could entitle the plaintiff to relief on his free exercise of religion claim, his religious beliefs must be balanced against the legislative restriction. *Wisconsin v. Yoder,* 406 U.S. 205, 92 S.Ct. 1526, 32 L.Ed.2d 15 (1972). "[O]nly those interests of the highest order and those not otherwise served can overbalance legitimate claims to the free exercise of religion." *Id.* at 215, 92 S.Ct. at 1533. Therefore, to support a motion to dismiss, the state must show a compelling interest in having photographs on driver's licenses and there must be no alternatives available that would infringe less on First Amendment rights. *Sherbert v. Verner,* 374 U.S. 398, 407, 83 S.Ct. 1790, 1795–96, 10 L.Ed.2d 965 (1962).

Richard M. Borchers, Westminster, Colo., American Civil Liberties Union of Colorado, Denver, Colo., for plaintiff.

James R. Willis, Sp. Asst. Atty. Gen., Denver, Colo., for defendants.

## MEMORANDUM OPINION AND ORDER

CARRIGAN, District Judge.

Defendants, Colorado Revenue Director Alan Charnes and the State of Colorado,

**464**

Even if the plaintiff produces evidence that the restriction burdens his free exercise of religion, I conclude as a matter of law that the state has a compelling interest in requiring that a driver's license applicant be photographed. The Colorado Supreme Court in *Johnson v. Motor Vehicle Div.,* 197 Colo. 455, 593 P.2d 1363 (1979) defined this interest as the need of police officers instantaneously to identify vehicle operators during traffic stops. Photographic identification is a central purpose for issuing drivers' licenses and exceptions would subvert that purpose. Alternatives to photographs, such as fingerprints, would be unworkable because "[t]he exigencies of law enforcement cannot brook the delay inherent in other means of identification." *Id.* at 459, 593 P.2d at 1365.

The right to travel, like the right to free exercise of religion, is fundamental, but not absolute. *Shapiro v. Thompson,* 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969). The Supreme Court has held that conditions precedent to granting a driver's license, car registration or license plates do not infringe on constitutional rights. *Bell v. Burson,* 402 U.S. 535, 91 S.Ct. 1586, 29 L.Ed.2d 90 (1971); *Ex Parte Poresky,* 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933) (liability insurance as a precondition). The state's interest in instantaneous identification is equally compelling, and the dearth of alternatives to photographs just as telling, under a right to travel analysis, as under a religious freedom analysis.

Finally, the defendants have requested that, under the court's inherent power and 42 U.S.C. Section 1988, I assess attorney's fees on the ground that the plaintiff's claim is frivolous. I conclude that the claim is not so unreasonable or frivolous as to justify such an award. Defendants' request for attorney's fees is denied.

Accordingly,

IT IS ORDERED that the defendants' motion to dismiss the plaintiff's complaint is granted. The plaintiff's action and complaint are dismissed. Costs shall be assessed against the plaintiff.