**William P. DENNIS, Plaintiff-Appellant,**

v.

**Alan CHARNES, Director of Revenue, State of Colorado; and the State of Colorado, Defendants-Appellees.**

No. 83–2414.

United States Court of Appeals, Tenth Circuit.

Sept. 24, 1984.

Before DOYLE, McKAY and LOGAN, Circuit Judges.

### ORDER AND JUDGMENT

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. *See* Fed.R. App.P. 34(a); Tenth Circuit R. 10(e). The cause is therefore ordered submitted without oral argument.

The plaintiff is a relatively new resident of Colorado, having come here in 1982. After he arrived, he joined a religious group known as the Assembly of YHWH-HOSHUA. Among the beliefs of this group is that which interprets the Second Commandment to mean that members must not allow any photographs to be taken of them.

In April, 1983, plaintiff attempted to obtain a Colorado driver's license through the Colorado Department of Revenue, pursuant to the statute, C.R.S. § 42–2–112(1) (1973). The Department refused to issue a license to plaintiff unless he submitted to having a photograph taken to be implanted on the license. Plaintiff has been unable to obtain a driver's license because his religious beliefs prohibit the requisite photograph.

Plaintiff brought this action pursuant to 42 U.S.C. § 1983, the civil rights statute. In the complaint he alleged that the Colorado statute which requires a photograph in order to obtain a driver's license violated his First Amendment right to freedom of religion and his constitutional right of freedom to travel. The defendants moved to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). In deciding this motion, the trial court balanced plaintiff's religious beliefs against the legislative restriction. In so doing the court noted that the state must show a compelling interest in having photographs on drivers' licenses and that no less restrictive alternative is available. The trial court then granted defendants' motion and held that plaintiff's complaint failed to state a claim upon which relief could be granted. 571 F.Supp. 462.

In order to satisfy the prayer of the plaintiff, this court must find that the trial court erred in granting defendants' motion to dismiss for failure to state a claim. The trial court relied on *Johnson v. Motor Vehicle Div.*, 197 Colo. 455, 593 P.2d 1363 (1979) *cert. denied*, 444 U.S. 885, 100 S.Ct.

179, 62 L.Ed.2d 116, to conclude, as a matter of law, that the state has a compelling interest in requiring photographs for driver's licenses. In the *Johnson* case, the Colorado Supreme Court dealt with a fact situation that is virtually identical to that present here and based upon those facts the court held that the compelling interest in having drivers' licenses with photographs was the need for police officers to be able to identify, instantly, the operators of vehicles at traffic stops.

If this were all there is to the case, it would be possible to affirm the judgment as it was rendered. But there are two reasons which cause this court to hesitate. The first of these is that a motion to dismiss ought not to be granted unless there are no facts which could entitle plaintiff to relief. *Hatch v. Goerke,* 502 F.2d 1189, 1194 (10th Cir.1974). In the case at bar we are led to believe that there are facts which could entitle plaintiff to relief. Plaintiff has alleged that Colorado does not require a photograph on all drivers' licenses. Specifically, plaintiff asserts that certain types of restricted drivers' licenses are issued without photographs. If this is true, and we have no way of checking it, then it would allow them to undercut the state interest found to be compelling in *Johnson.* The second point is that we must note that in this federal question case, this court is not bound by a state court decision regarding federal constitutional rights. The Eighth Circuit has recently ruled on a case that is quite similar to the one before us and the court found there that the plaintiff's First Amendment rights were violated by a state statute that required that all applicants for driver's licenses be photographed. *Quaring v. Peterson,* 728 F.2d 1121 (8th Cir.1984). We are aware that this court is not bound by the conclusion of another circuit court. Yet we do pay some attention to those decisions for frequently they express doctrines which are worthy of careful consideration. From an examination of *Quaring,* however, the district court cannot reasonably conclude, on the basis of the complaint alone, that the challenged statute constitutes a violation of the constitution as a matter of law. The thing that is missing is evidence having to do with the matter mentioned above, namely, that there are instances in which there are waivers of the need for a photograph on a driver's license.

With that in mind it is our judgment that the cause should be remanded to the trial court for the purpose of hearing some evidence on the case.

Accordingly, the judgment is reversed and the cause is remanded for the purpose of trial of the facts.

As far as the state is concerned, there has been no proof of a compelling state interest, and the same is true of the plaintiff as to violation of his rights. There has been an allegation as to what is required by his religion, but it has not been proven, nor have the two interests been weighed. And this is why it is our belief that the matter should be returned to the trial court for the purpose of an inquiry and a decision based upon the factual findings and conclusions.

It is so ordered.