STATE of South Dakota, Plaintiff
and Appellee,

v.

Jon J. ARNOLD, Defendant
and Appellant.

No. 14945.

Supreme Court of South Dakota.

Considered on Briefs Nov. 19, 1985.

Decided Jan. 8, 1986.

John R. Steele, Aurora County State's Atty., Plankinton, for plaintiff and appellee.

Jon J. Arnold, Mitchell, pro se.

HENDERSON, Justice.

This is an appeal from a Judgment of Conviction and Sentence for driving without a license in violation of SDCL 32–12–22. We affirm and in so doing, address some rather unique arguments advanced in a pro se brief.

On March 26, 1985, a Complaint was filed charging Jon J. Arnold (Arnold), defendant-appellant herein, with the crime of driving without a license in violation of SDCL 32–12–22. Previously, on March 19, 1985, Arnold was properly arraigned on said charge and Arnold pled not guilty and requested a bench trial. On April 4, 1985, a trial was conducted in Plankinton, South Dakota. At the trial, Arnold, acting pro se, did not testify but simply requested the trial court to consider two documents in his defense. The first document, entitled "Demand at Law for Dismissal (Motion Apparenti) Due to Lack of Jurisdiction," asserted, inter alia, that the state's licensure system was an attempt to force Arnold into an anti-Christ system and that Arnold cannot be licensed without giving over the Lord's sovereignty and splitting it with another. The second document, entitled "The Documentation of the Existence of the Real and Expressed Natural Individual of Jon J. Arnold," declared Arnold to be a real natural express individual and a free sovereign in-

dividual; it also revoked the limited liability for the perpetual succession of debt and credit, revoked Arnold's Iowa birth certificate, revoked his marriage license, and revoked his "Social Security Insurance Policy and certificate." The trial court thereafter found Arnold guilty and properly pronounced sentence. From the Judgment of Conviction and Sentence, Arnold now appeals.

Arnold's pro so brief argues that the trial court did not have jurisdiction because Arnold "is not part of the Public National Credit System and is not operating in Limited Liability, is not enfranchised by the state," is not insurable by the state, and is not a "person" subject to SDCL 32–12–22. The statutory definition of "person," however, "includes natural persons, partnerships, associations, and corporations[.]" SDCL 2–14–2(16). Arnold's brief also asserts his belief that taking a license detracts from the Lordship of Christ and that Arnold was merely exercising his freedom of religion. We reject Arnold's contentions as unsupportable.

 The accused's presence before the trial court gives it jurisdiction over that person despite the events procuring his presence. *See Frisbie v. Collins,* 342 U.S. 519, 72 S.Ct. 509, 96 L.Ed. 541 (1952); *Ker v. Illinois,* 119 U.S. 436, 7 S.Ct. 225, 30 L.Ed. 421 (1886); *State v. Rigg,* 252 Minn. 283, 89 N.W.2d 898 (1958), *cert. denied,* 358 U.S. 899, 79 S.Ct. 224, 3 L.Ed.2d 149 (1958); *Quiver v. State,* 339 N.W.2d 303 (S.D. 1983); and *Laasch v. State,* 84 Wis.2d 587, 267 N.W.2d 278 (1978). Here, Arnold freely and voluntarily appeared before the trial court for arraignment and trial. His assertion that the trial court was without jurisdiction is wholly without merit. Arnold's declarations of natural individual sovereignty and revocation of various licenses, certificates, and social security indentures did not abrogate the trial court's jurisdiction.

As for Arnold's veiled freedom of religion assertion, we also find it to be without merit.

 It is beyond contention that South Dakota has a highly legitimate governmental interest in maintaining, protecting, and regulating the public safety through driving licensure provisions. Licensing statutes have a secular purpose not directed against any religious sect or faith. Laws advancing legitimate and significant governmental interests are not invalid for interfering with the free exercise of religion merely because they have some incidental detrimental effect on the adherents of one or more religious views. *Braunfeld v. Brown,* 366 U.S. 599, 81 S.Ct. 1144, 6 L.Ed.2d 563 (1961), *reh'g denied,* 368 U.S. 869, 82 S.Ct. 22, 7 L.Ed.2d 70 (1961). *See also,* J. Nowak, *Constitutional Law,* ch. 19, § III, at 1053 (2nd ed. 1983). As the court in *City of Manchester v. Leiby,* 117 F.2d 661, 666 (1st Cir.1941), *cert. denied,* 313 U.S. 562, 61 S.Ct. 838, 85 L.Ed. 1522 (1941), noted:

> The civil authority can never concede the extreme claim that police regulations of general application not directed against any sect or creed—however widely the regulations may be accepted as being reasonable and proper—are constitutionally inapplicable to persons who sincerely believe the observance of them to be "an insult to Almighty God." (Citation omitted.)

While no court, to our knowledge, has directly dealt with a state driving license requirement per se, and the free exercise of religion, several courts have upheld licensure provisions from constitutional attack. *See Dennis v. Charnes,* 571 F.Supp. 462 (D.Colo.1983); *Johnson v. Motor Vehicle Division,* 197 Colo. 455, 593 P.2d 1363 (1979), *cert. denied,* 444 U.S. 885, 100 S.Ct. 179, 62 L.Ed.2d 116 (1979); and *State ex rel. O'Sullivan v. Heart Ministries,* 227 Kan. 244, 607 P.2d 1102 (1980), *appeal dismissed,* 449 U.S. 802, 101 S.Ct. 47, 66 L.Ed.2d 6 (1980). *But see, Quaring v. Peterson,* 728 F.2d 1121 (8th Cir.1984), *aff'd,* 472 U.S. ——, 105 S.Ct. 3492, 86 L.Ed.2d 383 (1985); and *Bureau of Motor Vehicles v. Pentecostal House,* 269 Ind. 361, 380 N.E.2d 1225 (1978), which found

photograph requirements for driver's licenses to be an unconstitutional burden.

■ We find the state driving licensure requirement to achieve the compelling state interests of maintaining, protecting, and regulating the public safety, the use of its public thoroughfares, and those who drive thereon, and to be the least restrictive means for so doing. *Thomas v. Review Board,* 450 U.S. 707, 101 S.Ct. 1425, 67 L.Ed.2d 624 (1981).* The driver's licensure requirement is not a limitation on Arnold's religious freedom.

Affirmed.

FOSHEIM, C.J., MORGAN, J., HERTZ, Circuit Judge, Acting as Supreme Court Justice, and DUNN, Retired Justice, concur.

DUNN, Retired Justice, sitting for WUEST, Acting J., disqualified.