Jean COYLE, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–88–00946–CR.

Court of Appeals of Texas, Dallas.

Aug. 14, 1989.

Jean Coyle, pro se.

Jeffrey B. Keck, Dallas, for appellee.

Before McCLUNG, BAKER and KINKEADE, JJ.

McCLUNG, Justice.

Jean Coyle was charged with the offense of driving a motor vehicle without a license. She appealed her municipal court convictions to County Court for a trial *de novo*. That court found her guilty. Noting her desire to pursue a further appeal, that court set her punishment at the minimum amount necessary to invoke this Court's jurisdiction. We affirm the judgment of the trial court.

■ Coyle first alleges that the trial court erred in referring to her as appearing *pro se*. She claims that the correct term is that she appeared *pro per* (more properly *in pro per*), that is, *in persona*. *In propria persona* is defined as:

> In one's own proper person. It was formerly a rule in pleading that pleas to the jurisdiction of the court must be plead *in propria persona*, because if pleaded by an attorney they admit the jurisdiction, as an attorney is an officer of the court, and he is presumed to plead after having obtained leave, which admits jurisdiction. *See Pro Se. Black's Law Dictionary* 712 [5th Ed.1979].

Her argument that there is a distinction between the terms "pro se" and "pro per" is tied to her later argument in which she claims that she made a special appearance in this criminal case. Texas courts do not generally recognize the distinction that Coyle attempts to draw. It does appear that *in pro per* has been generally used to denote civil litigants who chose to represent themselves. *See e.g. Sparenburg v. Lattimore*, 134 Tex. 671, 139 S.W.2d 77 (1940). From analysis of this entire record, we conclude that there is no conceivable way that Jean Coyle was harmed by this purely semantic distinction. The first point of error is overruled.

■ Next, Coyle claims that the county court was without jurisdiction. She seems to make three arguments. First, that the complaint was insufficient to constitute a proper charging instrument because the police officer, who wrote out the ticket, did not personally swear to the complaint. This argument has been expressly rejected by the Court of Criminal Appeals. *Cisco v. State*, 411 S.W.2d 547, 548 (Tex.Crim.App. 1968). Second, that the complaint and conviction must be supported by the testimony of two witnesses. Coyle's argument on this point is biblical in origin; however, the State of Texas has no such requirement. Indeed, if this were the law in Texas it would be impossible to convict on circumstantial evidence.

■ Her third argument on this point is that due to her "special appearance," the trial court never acquired jurisdiction over her person or the subject matter. A "special appearance" allows a defendant to appear in a civil case to attack the court's jurisdiction over his person without subjecting himself to the jurisdiction of that court generally. TEX.R.CIV.P. 120a. There is no similar provision in the Rules of Criminal Procedure. The Rowlett municipal court had original jurisdiction, and the County Criminal Court of Appeals had valid appellate jurisdiction. TEX.CRIM. PROC.CODE ANN. art. 4.01, art. 4.08 (Vernon Supp.1989). The second point of error is overruled.

■ Coyle also argues that the trial court erred in denying her a choice of non-bar-licensed counsel. Prior to trial she stated that she wanted the assistance of a non-lawyer friend, not for legal assistance, but for "biblical scriptural assistance through which all laws are made." This request was denied. She did not wish to retain State Bar Licensed Counsel.

■ Article 1 section 10 of the Texas Constitution authorizes the accused in a criminal prosecution to appear by himself or counsel, or both. The term "counsel", as used in the constitution, means an advo-

cate, counselor, or pleader, one who assists his client with advice and pleads for him in open court. It does not mean one not admitted to practice law by the Texas Supreme Court. *Hawkins v. Murphy & Bolanz*, 51 Tex.Civ.App. 568, 112 S.W. 136 (1908, writ dism'd). The third point of error is overruled.

■ Coyle then claims that the trial court failed to instruct the court reporter to transcribe the events of the announcement setting and the pretrial hearings. Appellant cites the now repealed provisions of the Texas Rules of Civil Procedure, Rules 376b, 376c, and 377. TEX.R.CIV.P. 376b, 376c and 377 (Vernon 1985). It is the duty of the court reporter to attend all sessions of court and make a full record of the evidence *when requested* by the judge or any party to a case. TEX.R.APP.R. 11(a)(1). This record does not disclose that Coyle requested these particular proceedings be recorded. The fourth point of error is overruled.

■ Coyle then argues that the State was allowed to proceed against her without first obtaining a grand jury indictment, and that there is a fatal variance between the information contained on the citation and the allegations contained in the complaint. These contentions are without merit. First, Coyle was charged with a class C misdemeanor, therefore, the State could proceed against her without obtaining an indictment. *Norton v. State*, 120 Tex. Crim. 557 47 S.W.2d 610 (1932). Second, Coyle alleges that there exists a fatal variance between the officer's citation, which charges her with driving without a valid class "C" driver's license, and the complaint, which charges her with driving a vehicle without a valid class "A" "B" or "C" drivers license. If we assume, without so holding, that this is indeed a variance, it is certainly not fatal. *See Holland v. State*, 623 S.W.2d 651, 652 (Tex.Crim.App.1981). The fifth point of error is overruled.

■ Coyle claims that the trial court was without authority to enter a "not guilty" plea for her. Asked if she wished to enter a plea, she responded that "she was innocent of violating the contract with the State of Texas, because no contract exists." When the trial court attempted to record this response as a plea of "not guilty" she objected, reurging her argument of a lack of contract. If a defendant refuses to plead, the plea of not guilty shall be entered for the defendant by the court. TEX. CRIM.PROC.CODE ANN. § 27.16(a) (Vernon 1989). The sixth point of error is overruled.

Coyle argues the State failed to define "driving" and "operating." She claims harm in the fact that these words were used interchangeably at trial and in the charging instruments. These terms are synonymous; there is no error. *Galan v. State*, 164 Tex.Crim. 521, 301 S.W.2d 141, 143 (1957). The seventh point of error is overruled.

■ Coyle next maintains that driving a motor vehicle is an inalienable and unregulatable "right" which may not be interfered with by the State of Texas. She argues that it is contrary to the federal constitution for the State of Texas to require a private citizen to secure a driver's license before operating a motor vehicle on a public roadway. In her eleventh point of error, she seems to further the same argument. Therefore, we will address these two points of error together. Although Coyle has put forth a good deal of time and energy vehemently arguing this point, it is clear that in Texas, a license or permit to drive an automobile on the public highways and streets is a privilege and not property or a property right. This privilege is subject to reasonable regulations under the police power in the interest of the welfare and safety of the general public. *Gillaspie v. Department of Public Safety*, 152 Tex. 459, 259 S.W.2d 177, 182 (1953). The points of error eight and eleven are overruled.

■ Coyle also claims that the police officer lacked probable cause to stop her vehicle. She argues that his stopping her for a defective muffler was merely a pretext stop to confirm his suspicions that she did not have a valid driver's license. This argument fails because the officer did not need a pretext to stop her vehicle. A peace

officer may stop and detain any motor vehicle operator for the purpose of determining whether such person has a driver's license. TEX.REV.CIV.STAT.ANN. art. 6687b, § 13 (Vernon Supp.1989). The ninth point of error is overruled.

■ Coyle further avers that her conviction was error because the officer who issued the citation, the subject of this appeal: (1) failed to file a sworn complaint; (2) was not trained in handling municipal citations, and (3) not trained in the issuance of the paper work. We have already addressed and dismissed her first complaint. Coyle cites no authority to suggest how either of her last two arguments constitute a defense to the charge or trial error, and we know of none. Failure to cite authority leaves nothing for this Court to review. *McWherter v. State*, 607 S.W.2d 531, 536 (Tex.Crim.App.1980). Accordingly, the tenth point of error is overruled.

Finally Coyle claims that the State of Texas' requirement that all drivers on our public roadways be licensed forces her into an involuntary contract with "a body of unbelievers" and to split God's sovereignty with another, namely the State of Texas. After a thorough search of the law, we conclude this to be a point of first impression in Texas.

Coyle explains that she has cancelled all contracts that would require her, in her view, to recognize any authority other than God. She has revoked her social security card, her birth certificate, and any other document that would tie her to the any governmental entity. She argues that she should be free to move about as an independent sovereign unto herself, and so long as she does no injury to others, be allowed to exist free from any authority other than that which she chooses to recognize.

■ If we assume, however, for the sake of argument, but do not so hold, that the State of Texas, through its licensing requirement, has placed a burden on Coyle's free exercise of her religion, this does not end our inquiry. The State may justify an inroad on religious liberty by a showing that it is the least restrictive means of achieving some compelling state interest. *Thomas v. Review Board of Indiana Employment Security Division*, 450 U.S. 707, 718, 101 S.Ct. 1425, 1432, 67 L.Ed.2d 624 (1981). The use of the public highways by motor vehicles, with its consequent dangers, renders the reasonableness and necessity of regulation apparent. The universal practice is to register ownership of automobiles and to license their drivers. *Reitz v. Mealey*, 314 U.S. 33, 36, 62 S.Ct. 24, 26, 86 L.Ed. 21 (1941). Clearly, there is a compelling state interest in reasonable regulation of the use of the public roadways. Even pedestrians are subject to certain restrictions designed to protect the safety of all who use the roadways.

■ The reasoning of *State v. Arnold*, 379 N.W.2d 322 (S.D.1986) is persuasive. There, Arnold brought forward, also in a pro se brief, virtually the same arguments as Coyle does here regarding jurisdiction and licensing. The *Arnold* court held, that the State driving licensure requirement achieves the compelling state interest of maintaining, protecting, and regulating the public safety, the use of its public thoroughfares, and those who drive thereon, and to be the least restrictive means for doing so. Accordingly, we hold that the Texas licensure requirement to be the least restrictive means for achieving the compelling state interest in reasonable regulation of the public roadways. The twelfth point of error is overruled.

In a lengthy and well researched *pro se* brief Coyle has presented several very interesting and thoughtful arguments. At oral argument she requested that we give her appeal serious consideration. We have done so. We have no doubts about the sincerity of her beliefs, but are mandated to hold against her on all of her points.

The trial court's judgment is affirmed.