# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

## NO. 03-19-00356-CR

---

**Wesley Eugene Perkins, Appellant**

**v.**

**The State of Texas, Appellee**

---

**FROM COUNTY COURT AT LAW NO. 2 OF BELL COUNTY
NOS. 3C17-01209 & 2C17-02820[1],
HONORABLE JOHN MICHAEL MISCHTIAN, JUDGE PRESIDING**

---

## M E M O R A N D U M   O P I N I O N

Wesley Eugene Perkins, acting pro se at trial, was convicted by a jury of the Class B misdemeanor offense of driving while license invalid with a prior conviction. *See* Tex. Transp. Code § 521.457(a)(2), (f)(1). The trial court assessed punishment at seventy days in jail plus a $100 fine and rendered judgment on the jury's verdict. *See* Tex. Penal Code § 12.22. Perkins presents fourteen issues in this pro se appeal challenging his conviction, many of which

---

[1] The record reflects that this case was originally filed as a Class C misdemeanor in the trial court under cause number 3C17-01209 and then refiled as a Class B misdemeanor in cause number 2C17-02820, charging the same offense but alleging the aggravating factor of a prior conviction. *See* Tex. Transp. Code § 521.457(f)(1) (elevating offense from Class C misdemeanor to Class B misdemeanor when State shows at trial that defendant "has previously been convicted of an offense under this section"). After Perkins filed notices of appeal from both cause numbers, we consolidated his appeals. *See Perkins v. State*, Nos. 03-19-00356--00357-CR, 2019 Tex. App. LEXIS 7697, at *1 (Tex. App.—Austin Aug. 27, 2019) (mem. op., not designated for publication).

were rejected in his appeals from prior convictions for the same offense. We will affirm the trial court's judgment.

## BACKGROUND

In December 2016, a Belton police officer stopped a 2006 Dodge Caravan driving directly in front of him along the Interstate Highway 35 access road in Belton after seeing that the Caravan had an invalid makeshift license plate. The dash-cam video that was admitted into evidence depicts the Caravan being driven on the road and the events of Perkins's arrest.

The video shows that once the officer activated his patrol car's flashing lights, the Caravan pulled into a Whataburger parking lot. When the police officer approached the Caravan, Perkins remained on the driver's side behind the steering wheel, while his wife and four children exited the van's passenger-front door and passenger-side door, respectively. The police officer asked Perkins about the lack of plates on the Caravan and requested his license and insurance. Perkins responded, "This car is not in transportation," and claimed, "I do not require a driver's license." A Belton police sergeant arrived, requested Perkins's license and insurance, and arrested Perkins for not having registration on the Caravan. When Perkins's wife returned, she provided the police with Perkins's Texas identification card. The police called a dispatcher, who reported that Perkins's driver's license was suspended, that his license suspension had not expired, and that Perkins had two prior driving-while-license-invalid convictions.

Before trial, Perkins filed a special appearance and a plea to the jurisdiction with the trial court and then a petition for writ of mandamus in this Court, all of which were denied. During trial, Perkins objected to use of the words "drive," "driver," "driving," "motor vehicle," "operating," "transportation," and "vehicle," which the trial court overruled. The trial court

2

sustained the State's objections to certain letters that Perkins claimed to have sent to the Texas Department of Motor Vehicles. After trial, the jury convicted Perkins as charged. The trial court assessed punishment and entered judgment on the jury's verdict. Perkins filed a motion for new trial that was denied by operation of law. This appeal followed.

## DISCUSSION

Perkins's appellate issues[2] include jurisdictional concerns, constitutional challenges to statutes on criminal procedure and criminal offenses, complaints about the trial court's rulings on discovery and evidence, and the repetition of arguments rejected in appeals from his prior convictions.[3] None of these require reversal of his conviction. *See* Tex. R. App. P. 44.2.

**First and twelfth issues: Amount in controversy and characterization as "civil" appeal**

Perkins's first and twelfth issues characterize this appeal and the prosecution below as "civil" proceedings. In his first issue, Perkins presents a mistaken jurisdictional concern that the "amount in controversy" here is below the $100 minimum for appeal of "civil"

---

[2] We fairly construe the arguments that Perkins presents in this appeal, several of which are incomprehensible. *See* Tex. R. App. P. 38.1(i) (requiring briefs to contain "clear and concise argument" for contentions made, along with appropriate citations to authorities and to record). Pro se defendants are held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure. *Perez v. State*, 261 S.W.3d 760, 763 n.2 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd).

[3] *See, e.g.*, *Perkins v. State*, No. 03-15-00702-CR, 2016 Tex. App. LEXIS 8645, at *3 (Tex. App.—Austin Aug. 11, 2016, pet. dism'd w.o.j.) (mem. op., not designated for publication); *Perkins v. State*, No. 03-14-00733-CR, 2016 Tex. App. LEXIS 1730 (Tex. App.—Austin Feb. 19, 2016, pet. denied) (mem. op., not designated for publication); *Perkins v. State*, Nos. 03-14-00305–00310-CR, 2015 Tex. App. LEXIS 6426 (Tex. App.—Austin June 25, 2015, pet. denied) (mem. op., not designated for publication).

matters. In his twelfth issue, Perkins contends that all cases are civil "non-cases" until the "plaintiff proves jurisdiction."

Perkins's stated concern about an amount in controversy below $100 may refer to the minimum set forth in statutes applicable to municipal-court convictions. *See* Tex. Gov't Code §§ 30.00001, .00027(a)(1) (providing that party can appeal municipal-court conviction to court of appeals if fine assessed exceeds $100 and judgment was affirmed by county court at law in its appellate capacity), (a)(2) (providing that party may challenge constitutionality of statute on which municipal-court conviction was based irrespective of amount of fine); *see also Canada v. State*, 547 S.W.3d 4, 11 (Tex. App.—Austin 2017, no pet.) (addressing "further appellate review" by court of appeals under chapter 30 for municipal-court convictions). However, this appeal is not from a conviction in municipal court. The referenced minimum "amount in controversy" exceeding $100 is inapplicable here.

Further, to the extent that Perkins contends that an appeal from a conviction for driving while license invalid with a prior conviction for the same offense is a "civil" non-case, he is mistaken. As we stated in Perkins's appeal of his prior driving-while-license-invalid conviction, the classification of a case as "criminal" is determined by the nature of the proceeding. *Perkins v. State*, No. 03-14-00733-CR, 2016 Tex. App. LEXIS 1730, at *10-11 (Tex. App.—Austin Feb. 19, 2016, pet. denied) (noting that certain "failures alleged might defeat a prosecution, but they do not convert the case to a civil case"). The State initiated this case by a charging instrument alleging that Perkins committed an offense against the peace and dignity of the State with a prior conviction for driving while license invalid, a jury found Perkins guilty as charged, and Perkins received a jail sentence—all hallmarks of a criminal cause of action. *See id.*; *see also* Tex. Penal Code §§ 1.07 (defining "[m]isdemeanor" as "an offense so designated by

4

law or punishable by fine, by confinement in jail, or by both fine and confinement in jail"), 12.22 (setting forth punishment for Class B misdemeanor offenses); Tex. Transp. Code § 521.457(e), (f) (providing that Class C misdemeanor offense of driving while license invalid is Class B misdemeanor with prior offense under that section); *see also Mergerson v. State*, No. 12-12-00347-CR, 2013 Tex. App. LEXIS 9558, at *1 (Tex. App.—Tyler July 31, 2013, no pet.) (mem. op., not designated for publication) (appeal from conviction for Class B misdemeanor offense of driving while license invalid).  Given the nature of this case, Perkins's appeal is properly designated with the "-CR" suffix "for a criminal case." *See* Tex. R. App. P. 12.2(a)(4).  Because we conclude that the referenced minimum "amount in controversy" exceeding $100 is inapplicable here and because this is an appeal from a criminal conviction, we overrule Perkins's first and twelfth issues.

**Second issue: Judgment did not require correction as to plea of "not guilty"**

Perkins contends that the trial court's judgment "reports the case falsely" because "Perkins never 'joined issue.'"  We construe this issue, briefed without citation to authorities, as a complaint that his judgment of conviction shows his plea of "not guilty." *See* Tex. R. App. P. 38.1(i) (requiring briefs to contain proper citations to authority); *Cantu v. State*, 939 S.W.2d 627, 646 (Tex. Crim. App. 1997) (stating that charging instrument must be read and defendant's plea must be entered before jury "for the issue to be joined").[4]  Perkins's judgment of conviction shows his plea of "not guilty" because the trial court entered that plea for him when Perkins refused to plead "guilty, not guilty, or no contest." *See* Tex. Code Crim. Proc. art. 27.16 ("The plea of not guilty may be made orally by the defendant or by his counsel in open court.  If the

---

[4] Perkins's charging instrument, the information, was read before the jury.

5

defendant refuses to plead, the plea of not guilty shall be entered for him by the court."); *Coyle v. State*, 775 S.W.2d 843, 846 (Tex. App.—Dallas 1989, no pet.) (rejecting contention that trial court erred by entering not guilty plea under article 27.16 for defendant who refused to plead based on her claim that she had not "violat[ed] the contract with the State of Texas"); *see also Perkins v. State*, Nos. 03-14-00305–00310-CR, 2015 Tex. App. LEXIS 6426, at * 4 (Tex. App.—Austin June 25, 2015, pet. denied) (mem. op., not designated for publication) (noting in Perkins's appeal of his convictions for driving with expired registration and expired inspection sticker and failing to maintain financial responsibility that while Perkins did not actually say "not guilty," effect of his refusal to enter any plea to charges was that he entered plea of not guilty). Thus, we conclude that the judgment in this case contained no falsification requiring correction. We overrule Perkins's second issue.[5]

**Third and fourth issues: Discovery complaints and constitutional challenge to art. 39.14(d)**

Perkins's third and fourth issues raise complaints about discovery and the constitutionality of the statute governing discovery in criminal cases. In his third issue, Perkins contends generally that the trial court "abuse[d its] discretion regarding [his] discovery requests." However, Perkins obtained an adverse ruling only as to three requests. *See* Tex. R. App. P. 33.1(a) (addressing error preservation generally); *State v. Arizmendi*, 519 S.W.3d 143, 168 (Tex. Crim. App. 2017) (requiring adverse ruling from trial court to preserve error). Those requests sought: (1) the part of a police training manual focusing on training for dealing with "sovereigns"; (2) the part of a police training manual focusing on "the difference between

---

[5] Perkins also contends within this issue that the judgment of conviction "reports the case falsely" because "[a]llocution not mentioned." This vague contention is not further explained and is waived as inadequately briefed. *See* Tex. R. App. P. 38.1(i).

'transportation' and 'travel'"; and (3) a list of persons that the State[6] "contends" to be a beneficiary of the trust relationship established when the manufacturer's statement or certificate of origin is traded for a certificate of title. The State said that it did not have anything responsive to the first or second requests, further that the second request was irrelevant to the allegations against Perkins in the charging instrument and was irrelevant to any element of the offense, and that the third request was incomprehensible. As to the remainder of discovery that Perkins sought, the trial court ruled that the State would make items available for inspection by Perkins, accompanied by one of its investigators, on a date set by the trial court.

Article 39.14(d) of the Code of Criminal Procedure governs discovery in criminal cases involving a pro se defendant. Tex. Code Crim. Proc. art. 39.14(d). It provides that if the trial court orders the State to produce and permit the inspection of a document, item, or information under subsection (d), the State shall permit the pro se defendant to inspect and review the document, item, or information but is not required to allow electronic duplication. *Id.* Under article 39.14 generally, defendants are entitled to discovery that is in the State's possession, custody, or control and that is *material* to any matter involved in the action. *Watkins v. State*, 619 S.W.3d 265, 290 (Tex. Crim. App. 2021). The Court of Criminal Appeals recently held that "material" as used in article 39.14 means "having some logical connection to a fact of consequence" and is "synonymous with relevant." *Id.* at 290, 291. Reviewing courts must conduct a harm analysis before determining whether reversal is proper for violation of article 39.14. *See id.* at 291.

---

[6] Perkins erroneously refers to the State as "Plaintiff," referencing the classification of parties to civil litigation. As previously discussed, we reject Perkins's contention that the prosecution resulting in his conviction of a Class B misdemeanor offense and sentence under section 12.22 of the Penal Code was anything but a criminal case.

Here, as to the three denied requests, Perkins failed to show that the requested discovery—assuming the existence of responsive portions of a police training manual about dealing with "sovereigns" and about "the difference between 'transportation' and 'travel'" and the existence of a list of people that the State "contends" are beneficiaries of Perkins's described "trust relationship"—had "some logical connection to a fact of consequence" in Perkins's prosecution for the Class B misdemeanor offense of driving while license invalid. *See id.* at 290, 291. Further, Perkins made no argument about how the discovery he sought was "material." *See Branum v. State*, 535 S.W.3d 217, 224-25 (Tex. App.—Fort Worth 2017, no pet.) (noting that defendant bears burden of showing that discovery sought is "material"); *see also United States v. Agurs*, 427 U.S. 97, 109-10 (1976) ("The mere possibility that an item of undisclosed information might have helped the defense, or might have affected the outcome of the trial, does not establish 'materiality' in the constitutional sense.").

As to the remainder of the discovery, the prosecutor brought the State's file and its investigator to an August 23, 2017 pretrial hearing and gave Perkins the opportunity to review the file with the investigator and to view the video at the prosecutor's office, but Perkins declined those offers. When the trial court asked Perkins about reviewing what the State had for him, Perkins replied only, "I would reject the in-person review option. And I would object to that discovery limitation." Recognizing Perkins's choice, the trial court stated,

> [I]f you don't want to review those discovery [items], you don't have to review the discovery—that's your decision to make—the State's got [it] here today available for your review if you want. But if you don't want to, you don't have to. You can't be forced to do that.

8

At the next pretrial hearing on October 4, 2017, the trial court again asked Perkins about the State's offer to review discovery items in accordance with the applicable discovery rules: "Mr. Perkins, do you have—do you still persist in rejecting the State—rejecting the opportunity to review the discovery? Are you still saying you don't want to do that?" Perkins replied, "That's correct." Perkins made no argument challenging the constitutionality of article 39.14 or its subsections at the earliest opportunity, during either of the two pretrial hearings discussing discovery. Instead, Perkins waited until after his conviction, raising it in his motion for new trial.

In his fourth issue, Perkins contends that the discovery statute governing criminal proceedings in article 39.14 does not apply to this "civil" case, but if it does, article 39.14(d) is unconstitutional either facially or as applied because it allows for disparate treatment of pro se defendants as compared to those represented by counsel. But Perkins raised this contention too late. He made no complaint to the trial court that article 39.14 was unconstitutional facially or as applied until April 19, 2019, when he filed his motion for new trial. A specific objection must be made at the earliest opportunity, as soon as the basis for the objection becomes apparent. *See* Tex. R. App. P. 33.1(a); *Colone v. State*, 573 S.W.3d 249, 260 (Tex. Crim. App. 2019) ("A defendant may not raise a matter for the first time in a motion for new trial if he had the opportunity to raise it at trial."); *Estrada v. State*, 313 S.W.3d 274, 306 (Tex. Crim. App. 2010) (noting that defendant failed to preserve for appeal his facial constitutional challenges to sentencing statute); *Alexander v. State*, 137 S.W.3d 127, 131 (Tex. App.—Houston [1st Dist.] 2004, pet. ref'd) (concluding that defendant who first asserted constitutional objections in his motion for new trial did not timely assert his complaints and failed to preserve error for appellate review); *see also McNamara v. State*, No. 02-16-00422-CR, 2018 Tex. App. LEXIS 3520, at *16 (Tex. App.—Fort Worth May 17, 2018, pet. ref'd) (mem. op., not designated for publication)

9

(holding that defendant forfeited his constitutional challenge to statute allowing evidence of certain extraneous offenses by raising it too late in his motion for new trial).

On this record, we conclude that the grounds for Perkins's challenges to article 39.14 became apparent during the pretrial hearings when discovery was offered to him under the provisions of that statute. Perkins failed to make a timely and specific objection at that time. Thus, Perkins has forfeited his complaint challenging the constitutionality of article 39.14. *See* Tex. R. App. P. 33.1(a); *Colone*, 573 S.W.3d at 260; *Alexander*, 137 S.W.3d at 131; *see also McNamara*, 2018 Tex. App. LEXIS 3520, at *16. We overrule Perkins's third and fourth issues.

**Fifth issue: Challenge to constitutionality of art. 25.04**

Next, Perkins challenges the constitutionality of article 25.04 of the Code of Criminal Procedure, contending that it "facially violate[s] Due Process." Article 25.04 provides, "In misdemeanors, it shall not be necessary before trial to furnish the accused with a copy of the indictment or information; but he or his counsel may demand a copy, which shall be given as early as possible." Tex. Code Crim. Proc. art. 25.04.

"When considering a statute's constitutionality, we begin with the presumption that the statute is valid." *Allen v. State*, 614 S.W.3d 736, 740 (Tex. Crim. App. 2019). A facial challenge to the constitutionality of a statute is an attack on the statute itself, rather than a particular application, and requires the challenger to establish that "no set of circumstances exists under which [the] statute would be valid." *Id.* at 740-41 (internal quotation omitted). Thus, if there is any possible constitutional application of the statute, a facial challenge fails. *Id.* at 741. "Given this high burden, a facial challenge is 'the most difficult challenge to mount successfully.'" *Id.* (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)).

10

We rejected a facial challenge to the constitutionality of article 25.04 in Perkins's prior appeal of a driving-while-license-invalid conviction. *Perkins*, 2016 Tex. App. LEXIS 1730, at *7-9. We noted that the language of article 25.04 follows the Texas Constitutional requirement that the accused in a criminal prosecution "shall have the right to demand the nature and the cause of the accusation against him, and to have a copy thereof." *Id.* at *8 (citing Tex. Const. art. I, § 10); *see also* Tex. Code Crim. Proc. art. 26.01 (providing for notice to defendant of charges against him by requiring that in "all misdemeanor cases punishable by imprisonment, there shall be an arraignment"). In this appeal, as in the prior one, the record reflects that Perkins knew the charge that was pending against him. *Id.* at *8-9; Perkins's signature appears on a December 2016 cash bond stating that he is charged with the misdemeanor of "DWLI w/prev convictions." *See id.* at *8 (noting similar document). He filed a special appearance and plea to the jurisdiction in March 2017 raising several issues presented in his brief here. *See id.* (noting similar pleadings). Further, at a hearing held more than a year and a half before trial, the trial court and Perkins had this discussion:

> The Court: And you understand the nature of the charges against you[?] The charge against you is driving while license invalid with prior conviction[.] It's a Class B misdemeanor with six months in jail, a fine up to $2,000 or both or any combination of the two and conviction could result in suspension of driving privileges potentially for an additional period of time. Do you understand the nature of the offense against you?
>
> Perkins: I believe I do.
>
> The Court: And do you also understand the range of punishment if you were found to be guilty?
>
> Perkins: Yes.

11

We conclude that Perkins failed to meet his "high burden" of showing that article 25.04 is facially unconstitutional. *See Allen*, 614 S.W.3d at 740-41; *see also Perkins*, 2016 Tex. App. LEXIS 1730, at *9 (reaching same conclusion). We overrule his fifth issue.

**Sixth issue:  Denial of special appearance**

Perkins contends in his sixth issue that the trial court erred by denying his special appearance, alleging that the trial court never acquired personal jurisdiction over him because there was "no evidence" of: (1) "transportation"; (2) "consent"; and (3) a "vehicle."  This contention fails for several reasons.

The special appearance pleading is specific to civil cases, which Perkins's prosecution for a Class B misdemeanor offense was not.  A special appearance in civil cases allows a defendant to appear and attack the court's jurisdiction over his person without subjecting himself to the jurisdiction of that court generally.  Tex. R. Civ. P. 120a; *Coyle v. State*, 775 S.W.2d 843, 845 (Tex. App.—Dallas 1989, no pet.); *see Jenkins v. State*, 592 S.W.3d 894, 898 (Tex. Crim. App. 2018) (noting that criminal cases are unlike civil cases, "where personal jurisdiction over a party may be had merely by that party's appearance before the court").  Further, Perkins's "no evidence" argument in his "special appearance" is unpersuasive because he made that filing before trial, when nothing had yet been admitted into "evidence."  Finally, in misdemeanor cases, "[p]ersonal jurisdiction is conferred upon the court by the filing of an information."  *See* Tex. Const. art. V, § 12(b); *Ramirez v. State*, 105 S.W.3d 628, 629 (Tex. Crim. App. 2003); *Estrada v. State*, 148 S.W.3d 506, 508 (Tex. App.—El Paso 2004, no pet.); *see also Gray v. State*, No. 03-09-00408-CR, 2010 Tex. App. LEXIS 6777, at *6-7 (Tex. App.— Austin Aug. 18, 2010, no pet.) (mem. op., not designated for publication).  As we have noted, Perkins was charged by information with the Class B misdemeanor offense of driving while

license invalid. He was convicted in the County Court at Law No. 2 of Bell County, a statutory county court that has jurisdiction over misdemeanor offenses. *See* Tex. Const. art. V, §§ 16, 17; Tex. Gov't Code §§ 25.0003(a), .0161(2), 26.045(a). Because Perkins was charged by information with the Class B misdemeanor offense of driving while license invalid, the County Court at Law No. 2 of Bell County had personal jurisdiction in this case. *See Gray*, 2010 Tex. App. LEXIS 6777, at *7 (rejecting similar challenge to trial court's personal jurisdiction over defendant convicted of driving with suspended license). We overrule Perkins's sixth issue.

**Seventh, tenth, eleventh, thirteenth, and fourteenth issues: Burden of proof**

The substance of Perkins's complaints in these five issues is whether the State carried its burden of proof. These issues stem from Perkins's theory that he was not engaged in "transportation," as he defines it. His theory is that "transportation" requires proof of a "vehicle," "motor vehicle," "driver," or "operator," which in turn depend on proof of his removing people and/or property from one place to another for hire, his consent to being regulated, and evidence of that consent through an "active certificate of title trust" to his car. Specifically, Perkins contends in his seventh issue that the trial court erred by denying his plea to the jurisdiction because the State did not demonstrate its standing by proving "transportation"; his tenth issue challenges the denial of his re-asserted plea to the jurisdiction at the close of the State's case; his eleventh issue contends that the trial court erred by submitting "jurisdictional questions" involving "transportation," "consent," and "vehicle" to the jury; his thirteenth issue contends that the trial court improperly relieved the State, "as Plaintiff," of its burden to prove the existence of a "trust" showing his liability as a "fiduciary"; and his fourteenth issue contends that because the State lacks evidence of "transportation," "consent," or any "vehicle," "it follows

13

that the compelled consent, compelled commerce foundation of [the] State's witch hunt agenda is quite plainly unconstitutional."

However, contrary to Perkins's theory, the elements of proof for the Class B misdemeanor of driving while license invalid do not require showing the defendant's consent to being regulated, a certificate of title trust, the defendant's ownership of the vehicle, or that the vehicle was being used to remove people or property from one place to another for hire. Rather, the State had to show only that Perkins "operate[d] a motor vehicle on a highway . . . during a period that [his] driver's license or privilege [was] suspended or revoked" and that he had at least one prior conviction for that offense. *See* Tex. Transp. Code § 521.457(a)(2), (f). We have rejected arguments that Perkins repeats here as support for his claim that the State fell short of proving the charged offense, including arguments that:

- "transportation" must involve moving people or goods for hire and applies only to "commercial activity," *see Perkins*, 2015 Tex. App. LEXIS 6426, at *6-8;

- matters outside the penal code are not criminal but are breaches of fiduciary duty or trust, *Perkins*, 2016 Tex. App. LEXIS 1730, at *11;

- absent proof of "transportation" and "commerce," the case should not be submitted to the jury, *id.*; and

- absent proof of "transportation," a trial court improperly relieves the State of its evidentiary burden, *id.* at *17.[7]

---

[7] When ruling on a civil-rights suit that Perkins filed based on the conviction appealed here, the Fifth Circuit noted that he violated the Transportation Code's "plain meaning":

Perkins violated [the Texas Transportation Code] according to [its] plain meaning. And his counter-argument that he is not governed by the statutes is unconvincing. It is simply incorrect "that to be regulated under the Transportation Code, one must assert 'commercial consent,'" as Perkins maintains. Perkins rests his argument on *Lozman v. City of Riviera Beach*, in which the Supreme Court ruled that transportation in a vessel may be shown for

14

During trial, the State introduced documentary evidence that Perkins's driver's license was suspended indefinitely and that he had at least one prior conviction for driving while license invalid. Also, the State introduced testimony that Perkins had operated a motor vehicle on the access road portion of Interstate Highway 35 after his driver's license suspension. Accordingly, the State met its burden of proof by providing evidence on the elements required by the law properly interpreted. Tex. Transp. Code § 521.457(a)(2), (f). And the jury, as "the exclusive judge of facts" in the criminal prosecution below, could have reasonably concluded that the Dodge Caravan transporting Perkins, his wife, and their four children on the access road portion of IH-35 was a "vehicle," and that Perkins, who was in the driver's seat behind the steering wheel when the Caravan was stopped, was the person who "operated" that vehicle as alleged in the charging instrument. *See* Tex. Code Crim. Proc. art. 36.13; *see also Arroyo v. State*, 559 S.W.3d 484, 487 (Tex. Crim. App. 2018) ("A court's role on appeal is restricted to guarding against the rare occurrence when the factfinder does not act rationally"). Because Perkins incorrectly contends that the State did not meet its burden of proof at trial, we overrule Perkins's seventh, tenth, eleventh, thirteenth, and fourteenth issues.

---

the purposes of 1 U.S.C. § 3 by the "conveyance (of things or persons) from one place to another." Perkins contends that because he was not transporting passengers or cargo, he was not operating a "vessel," and thus he may not be arrested for violations of law governing vehicles—a kind of "vessel." But *Lozman* never once speaks of anything resembling "commercial consent." And its holding covers vessels "capable of being used . . . as a means of transportation on water," not motor vehicles. The latter are regulated by the Texas Transportation Code, and the district court correctly applied the law.

*Perkins v. Ivey*, 772 F. App'x 245, 246-47 (5th Cir. 2019); *see Perkins v. Brewster*, No. 20-50678, 2021 U.S. App. LEXIS 10541, at *2-3 (5th Cir. Apr. 13, 2021) (noting that "one need not 'consent' to the Transportation Code to be bound by it").

**Eighth issue:  Overruling objections to witness testimony**

In his eighth issue, Perkins contends that the trial court erred by overruling his objections to witness testimony using the words "vehicle," "motor vehicle," "drive," and "operate," which he says are "legal conclusions."  However, Perkins failed to properly preserve this complaint by objecting each time the complained-of testimony was offered.  *See Leday v. State*, 983 S.W.2d 713, 718 (Tex. Crim. App. 1998) (stating that overruled objection to evidence will not result in reversal when other such evidence was received without objection either before or after complained-of ruling); *Washington v. State*, 485 S.W.3d 633, 638-39 (Tex. App.—Houston [1st Dist.] 2016, no pet.) (concluding that error in admission of evidence may be rendered harmless when substantially same evidence is admitted elsewhere without objection).  Here, the officer who stopped Perkins testified without objection on direct examination that while in Bell County, he had seen Perkins "driving" and "operating" the "motor vehicle":

> Q. All right.  Now, when you observed Mr. Perkins driving and operating the motor vehicle, was this in Bell County?
>
> A. Yes, in the City of Belton.
>
> Q.  Okay. Was it in Bell County, though?
>
> A. Yes, sir.
>
> Q. And in the State of Texas?
>
> A. Yes, sir.

This testimony from the officer was substantially similar to the testimony that had drawn an objection from Perkins beforehand and that the trial court had overruled.  Because Perkins raised no objection to this testimony, we conclude that he failed to preserve his complaint for appellate

review.  *See Leday*, 983 S.W.2d at 718; *Washington*, 485 S.W.3d at 638-39.  We overrule his eighth issue.

**Ninth issue:  Sustaining State's evidentiary objections to letters**

Perkins's ninth and last remaining issue contends that the trial court erred by sustaining the State's objection to the relevancy of certain letters that Perkins offered into evidence, which he claimed to have sent to the Texas Department of Motor Vehicles.  Those letters—which have no postmark showing proof of mailing and no return receipt showing delivery—discuss vehicle titles and Perkins's understanding of the Texas Trust Code.  We review the trial court's ruling admitting or excluding evidence under an abuse-of-discretion standard and will not reverse that ruling unless it is outside the zone of reasonable disagreement.  *Henley v. State*, 493 S.W.3d 77, 82-83 (Tex. Crim. App. 2016).  Finding a piece of evidence to be relevant is the first step in a determination of whether the evidence should be admitted before the jury.  *Id.* at 83.  Evidence is relevant if it has any tendency to make a fact of consequence more or less probable than it would be without the evidence.  *Id.*  We uphold the trial court's evidentiary ruling if it is correct on any theory of law applicable to the case.  *Id.* at 93.

Matters of vehicle title and Perkins's understanding of the Trust Code did not have any tendency to make a fact of consequence more or less probable in the underlying trial for the Class B misdemeanor offense of driving while license invalid.  *See id.*  Further, the trial court had nothing establishing that the proffered letters were stamped, mailed, or received by the addressee.  *Cf. Smith v. Holmes*, 53 S.W.3d 815, 817 (Tex. App.—Austin 2001, no pet.) (noting that party presented United States Postal Service return receipt containing signature indicating that mailed letter arrived at addressee's location).  On this record, we conclude that the trial

court's ruling sustaining the State's objections and declining to admit these letters into evidence was not outside the zone of reasonable disagreement. We overrule Perkins's ninth issue.[8]

## CONCLUSION

We affirm the trial court's judgment.

_____

Darlene Byrne, Chief Justice

Before Chief Justice Byrne, Justices Triana and Smith

Affirmed

Filed: May 28, 2021

Do Not Publish

---

[8] Perkins's May 17, 2021 motion for judicial notice regarding the van involved in the stop is denied.